**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

|  |  |
|---|---|
| ARLENE MILLMAN, | **ECF Case** |
| Plaintiff, | Case No. 2:15-cv-00134-DRH-GRB |
| v. | |
| CVS CAREMARK, CVS HEALTH, and FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**DEFENDANT FIRST ADVANTAGE OCCUPATIONAL HEALTH SERVICES CORP.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

SEYFARTH SHAW LLP

Frederick T. Smith (admitted *pro hac vice*)
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
(404) 888-1021

Cameron Smith
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys for Defendant*
*First Advantage Occupational Health Services Corp.*

Date:  May 8, 2015

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................. 1

STATEMENT OF FACTS ............................................................................................... 2

ARGUMENT ................................................................................................................... 3

    A.    The Complaint is Devoid of Facts Alleging that First Advantage is a "Covered Entity" or that Any Plausible Employment Relationship Existed Between Plaintiff and First Advantage. .................................................. 3

        1.    First Advantage Was Never Plaintiff's Potential or Actual Employer. ............................................................................................. 4

        2.    First Advantage Was Not Plaintiff's "Indirect" or "Joint" Employer. ............................................................................................. 5

    B.    The Complaint Does Not Contain Any Factual Allegations that First Advantage Perceived Plaintiff to be Disabled or that First Advantage Took Any Adverse Action Against Her. ........................................................ 7

CONCLUSION ............................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Al-Kaysey v. L-3 Services Inc.*,
No. 11-CV-6318, 2013 WL 5447686 (E.D.N.Y. Sept. 27, 2013) ...........................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..............................................................................................3, 5, 6, 10

*Ayala v. Metro One Sec. Sys., Inc.*,
No. 11-CV-233, 2011 WL 1486559 (E.D.N.Y. Apr. 19, 2011) .................................................6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...........................................................................................................3, 5

*Capobianco v. City of N.Y.*,
422 F.3d 47 (2d Cir. 2005)....................................................................................................4

*Caskey v. Cnty. of Ontario*,
560 F. App'x 57 (2d Cir. 2014) .............................................................................................4

*Clinton's Ditch Co-op Co., Inc. v. N.L.R.B.*,
778 F.2d 132 (2d Cir. 1985)..................................................................................................5

*Cook v. Arrowsmith Shelburne, Inc.*,
69 F.3d 1235 (2d Cir. 1995)..................................................................................................5

*Cotto v. Rochester City Sch. Dist.*,
No. 12-CV-6106, 2013 WL 4520026 (W.D.N.Y. Aug. 26, 2013) .......................................8, 9

*Darcy v. City of N.Y.*,
No. 06-CV-2246, 2011 WL 841375 (E.D.N.Y. Mar. 8, 2011)................................................8

*Demoret v. Zegarelli*,
451 F.3d 140 (2d Cir. 2006)................................................................................................10

*Derbaremdiker v. Applebee's Int'l, Inc.*,
No. 12-CV-01058, 2012 U.S. Dist. LEXIS 138596 (E.D.N.Y. Sept. 26, 2012) ......................3

*Duncan v. Am. Int'l Grp., Inc.*,
No. 01-CV-9269, 2002 U.S. Dist. LEXIS 24552 (S.D.N.Y. Dec. 23, 2002) ...........................7

*Gulino v. N.Y. State Educ. Dep't*,
460 F.3d 361 (2d Cir. 2006)...............................................................................................5, 7

*Ivanov v. N.Y. City Transit Auth.*,
No. 13-CV-4280, 2014 U.S. Dist. LEXIS 79614 (S.D.N.Y. June 4, 2014) ...........................6

*Kelly v. N. Shore-Long Island Health Sys.*,
No. 13-CV-1284, 2014 WL 2863020 (E.D.N.Y. June 22, 2014) ...................................8, 9, 10

*Kinneary v. City of N.Y.*,
601 F.3d 151 (2d Cir. 2010)..................................................................................................4

STATUTES

42 U.S.C. § 12111(2) ...............................................................................................................4

42 U.S.C. § 12112(a) ...............................................................................................................3

42 U.S.C. § 12114(a) ...............................................................................................................8

42 U.S.C. § 12114(b) ...............................................................................................................8

ADA Amendments Act of 2008 ("ADAAA")......................................................................1, 8

Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA") ................... passim

New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* ........................1

Title VII of the Civil Rights Act of 1964....................................................................................6, 7

OTHER AUTHORITIES

29 C.F.R. Part 1630, Appendix, Section 1630.3..........................................................................8

29 C.F.R. § 1630.3(a)..................................................................................................................8

29 C.F.R. § 1630.3(b) .................................................................................................................8

Fed. R. Civ. P. 8.........................................................................................................................3

Fed. R. Civ. P. 12(b)(6)............................................................................................................1, 2

Defendant FIRST ADVANTAGE OCCUPATIONAL HEALTH SERVICES CORP., incorrectly named as First Advantage Background Services Corp. in Plaintiff's Complaint ("First Advantage"), by its attorneys and pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits its Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's Complaint.

## INTRODUCTION

In or about August 2014, Plaintiff applied for a job with Defendant CVS Health Corporation ("CVS") to work in the pharmacy at CVS' store on New York Avenue in Huntington, New York.  CVS extended a conditional offer of employment to Plaintiff, contingent upon her successful completion of a criminal background search and drug screening test.  After First Advantage's Medical Review Officer discussed Plaintiff's test results with her, First Advantage prepared a report that stated that Plaintiff's sample had tested positive for the presence of benzodiazepines.  First Advantage relayed that information to CVS and to Plaintiff.  CVS later made a decision to withdraw Plaintiff's conditional offer of employment.  At no time did First Advantage act as Plaintiff's prospective (or actual) employer, nor did it participate in any manner in the decision by CVS to withdraw Plaintiff's conditional offer of employment.

Plaintiff now seeks to bring claims under the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.* ("ADA"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), against First Advantage because it provided a drug screening report to CVS.  Plaintiff's claims against First Advantage fail for several reasons.  First, Plaintiff has not alleged any employment relationship with First Advantage, and her Complaint fails to state a claim that First Advantage is a "covered entity" or "employer" liable to Plaintiff under the ADA or the NYSHRL.  Second, Plaintiff's  Complaint is devoid of factual allegations sufficient to raise a plausible claim that First Advantage perceived Plaintiff to be disabled under the ADA or the

NYSHRL. Plaintiff merely alleges in her Complaint that First Advantage provided information regarding Plaintiff's positive drug screening results to CVS. However, Plaintiff fails to allege that First Advantage took any adverse employment action because it perceived her to be disabled under the ADA or NYSHRL. For the reasons discussed more fully below, Plaintiff's claims against First Advantage should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STATEMENT OF FACTS[1]

In or about August 2014, Plaintiff applied for a Pharmacy Technician Trainee/Pharmacy Service Associate position at CVS. (Compl. ¶ 15.) On August 18, 2014, CVS offered Plaintiff a job as a Pharmacy Tech Trainee. (Compl. ¶ 17.) CVS' offer of employment was contingent upon Plaintiff's successful completion of a criminal background check and drug screening. (Compl. ¶ 17.)

Plaintiff then went to a laboratory and submitted a urine sample for analysis by First Advantage. (Compl. ¶ 19.) After being contacted by CVS on September 5, 2014, Plaintiff spoke with a First Advantage Medical Review Officer on September 10, 2014 and told him, in response to his question about what type of "illegal street drugs" she was taking, that she had been prescribed Diazepam. (Compl. ¶¶ 21-24.) On September 12, 2014, First Advantage notified Plaintiff that her urine test had reported positive for the presence of benzodiazepines. (Compl. ¶ 25.) Plaintiff then made efforts to explain to CVS and First Advantage's Medical Review Officer that she had been prescribed Diazepam. (Compl. ¶¶ 26-28.) Subsequently, CVS revoked its offer of employment. (Compl. ¶ 29.) Plaintiff alleges that CVS and First Advantage regarded her as disabled because of her drug screening results. (Compl. ¶¶ 9, 30.) Plaintiff further

---

[1] This Statement of Facts is based, as it must be, on allegations in Plaintiff's Complaint. Defendant disputes many of the allegations, but assumes them to be true for purposes of its motion to dismiss.

2

contends that CVS discriminated against her on the basis of her perceived disability by revoking its offer and that First Advantage was "complicit" in CVS' discrimination.  (Compl. ¶¶ 33, 39.)

### ARGUMENT

To survive a motion to dismiss, a complaint must allege sufficient facts, which, if accepted as true, state a claim for relief that is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Importantly, it is not enough under Rule 8 of the Federal Rules of Civil Procedure to allege facts that merely raise the "sheer possibility that a defendant has acted unlawfully," nor may a plaintiff rely on "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, the complaint must allege facts that move a claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In determining the sufficiency of the pleadings, the Court may consider: "(1) the factual allegations in the complaint; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents that are 'integral' to the complaint." *Derbaremdiker v. Applebee's Int'l, Inc.,* No. 12-CV-01058, 2012 U.S. Dist. LEXIS 138596, at *11 (E.D.N.Y. Sept. 26, 2012) (internal citations omitted).

**A.     The Complaint is Devoid of Facts Alleging that First Advantage is a "Covered Entity" or that Any Plausible Employment Relationship Existed Between Plaintiff and First Advantage.**

Title I of the ADA prohibits discrimination in employment-related decisions based on the disability of an otherwise qualified individual.  Specifically, Section 12112(a) provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  To prove a claim under the ADA or the NYSHRL, Plaintiff must establish

3

the same elements, and courts interpret ADA and NYSHRL disability discrimination claims in parallel.  *See Kinneary v. City of N.Y.*, 601 F.3d 151, 158 (2d Cir. 2010) (noting that "same elements" must be proved to establish ADA and NYSHRL disability claims).

To state a *prima facie* case of employment discrimination based on disability, a plaintiff must demonstrate that:  (1) the defendant is a covered entity under the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodations; and (4) plaintiff suffered an adverse employment action because of her disability or perceived disability.  *Caskey v. Cnty. of Ontario*, 560 F. App'x 57, 58 (2d Cir. 2014) (citing *Capobianco v. City of N.Y.*, 422 F.3d 47, 56 (2d Cir. 2005)).  The ADA provides that "the term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee."  42 U.S.C. § 12111(2).

### 1.    First Advantage Was Never Plaintiff's Potential or Actual Employer.

Plaintiff did not apply for employment with First Advantage, nor has First Advantage ever employed her.  Instead, Plaintiff applied for employment with another company, CVS, which contracted with First Advantage to screen its applicants' positive drug test results, determine whether they have a legitimate medical explanation for the positive test results, and report the results to CVS.  First Advantage merely reported that Plaintiff's drug test showed the presence of benzodiazepines.  Plaintiff's Complaint does not contain any factual allegations that First Advantage participated in CVS' consideration of Plaintiff's drug test report or its decision to withdraw its conditional offer of employment.  Because Plaintiff merely speculates that First Advantage was somehow "complicit" in CVS' adverse employment action and she fails to set forth any factual allegations sufficient to give rise to a plausible claim that First Advantage is a "covered entity," her ADA and NYSHRL law claims should be dismissed.

4

**2.    First Advantage Was Not Plaintiff's "Indirect" or "Joint" Employer.**

In her opposition to First Advantage's pre-motion letter, Plaintiff relies on inapposite case law to suggest that First Advantage may be liable under the ADA and the NYSHRL "in the absence of a traditional or straightforward employer-employee relationship." (*See* Dkt. No. 13 at 2.) The cases Plaintiff cites deal with the questions of parent-subsidiary and subcontractor joint employer liability. For example, in *Al-Kaysey v. L-3 Services Inc.*, an employee hired by a government subcontractor brought suit against the contractor and subcontractor and the court found that the *pro se* plaintiff's complaint contained sufficient factual allegations of closely intertwined operations and labor relations to establish joint employer liability. No. 11-CV-6318, 2013 WL 5447686, at *13 (E.D.N.Y. Sept. 27, 2013). *See also Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241 (2d Cir. 1995) (involving parent and wholly-owned subsidiary with interrelated operations where evidence showed that parent maintained control of labor relations at subsidiary and both shared a common management structure and corporate office). Plaintiff's Complaint, however, is devoid of any factual allegations that First Advantage and CVS had any corporate interrelationship, that First Advantage was CVS' parent or subsidiary, or that CVS and First Advantage operated as joint employers with respect to Plaintiff.

Plaintiff also states in her letter (but not in her Complaint) that First Advantage was Plaintiff's joint employer,[2] and argues that this conclusory allegation immunizes her Complaint from dismissal because "joint employer" status is a factual issue that cannot be resolved on a motion to dismiss. The Supreme Court's holdings in *Iqbal* and *Twombly* dictate that Plaintiff must do more than merely allege that First Advantage was a "joint employer." Plaintiff has done

---

[2] To determine whether an entity should be considered a joint employer, courts within this Circuit generally look to four factors: (1) common ownership or financial control; (2) common management; (3) interrelation of operations; and (4) centralized control of labor relations. *See Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 378 (2d Cir. 2006); *Clinton's Ditch Co-op Co., Inc. v. N.L.R.B.*, 778 F.2d 132, 137 (2d Cir. 1985).

nothing more than invoke (outside her pleading) the phrase "joint employer" as a legal conclusion that is not entitled to the presumption of truth afforded to well-pleaded factual allegations. *See Iqbal*, 556 U.S. at 678-79. Even the cases Plaintiff cites recognize that to establish joint employer liability, a plaintiff must clear *Iqbal*'s plausibility threshold with well-pleaded factual allegations to survive dismissal. *See, e.g., Ayala v. Metro One Sec. Sys., Inc.*, No. 11-CV-233, 2011 WL 1486559, at *5 (E.D.N.Y. Apr. 19, 2011) ("In order for [plaintiff's] claims … to survive a 12(b)(6) motion to dismiss, his complaint must contain sufficient 'factual content' for the Court to infer that he can plausibly make out the elements of the single employer doctrine."). In *Ayala*, the plaintiff made factual allegations of control by one entity over the other, such as that the two entities shared a CEO and corporate office and that controlling shares of their stock were commonly owned, which the court found sufficient to raise a plausible claim. *Id.*

There are not any factual allegations in Plaintiff's Complaint that make it plausible First Advantage was Plaintiff's "joint employer." Here, First Advantage merely conveyed to CVS that Plaintiff tested positive for benzodiazepines. Notably absent from Plaintiff's Complaint are any allegations with respect to CVS and First Advantage of common ownership or financial control, common management, interrelation of operations, or centralized control of labor relations. Because First Advantage simply supplied information to CVS in connection with its drug screening process, Plaintiff cannot impose liability on First Advantage under the ADA or NYSHRL.

Noting that Title VII of the Civil Rights Act of 1964 and the ADA contain similar definitions of "employer," courts in this Circuit have consistently applied the Title VII definition of "employer" to ADA claims. *See Ivanov v. N.Y. City Transit Auth.*, No. 13-CV-4280, 2014

6

U.S. Dist. LEXIS 79614, at *13 (S.D.N.Y. June 4, 2014) (collecting cases); *Duncan v. Am. Int'l Grp., Inc.*, No. 01-CV-9269, 2002 U.S. Dist. LEXIS 24552, at *7 (S.D.N.Y. Dec. 23, 2002) ("An employer under the ADA is defined almost identically to an employer under Title VII.")  Neither Title VII or the ADA extend the meaning of "employer" beyond common law agency principles. *Gulino*, 460 F.3d at 374 ("An expansive definition of 'employer' contravenes Supreme Court precedent and fundamental canons of statutory interpretation.").   Extending liability to a third-party that merely provided information to a prospective employer about an applicant and exercised no control over the hiring  decision based on that information would impermissibly broaden the definition of "employer" beyond what the ADA or NYSHRL allow.

Because Plaintiff's Complaint merely speculates that First Advantage was "complicit" in CVS' adverse employment action and fails to set forth any factual allegations sufficient to give rise to a plausible claim that First Advantage is a "covered entity," Plaintiff's ADA and NYSHRL law claims should be dismissed.

**B.      The Complaint Does Not Contain Any Factual Allegations that First Advantage Perceived Plaintiff to be Disabled or that First Advantage Took Any Adverse Action Against Her.**

Plaintiff's Complaint is devoid of factual allegations sufficient to raise a plausible claim that First Advantage perceived Plaintiff to be disabled.  Plaintiff merely alleges: (1) a generic statement that she is "a member of the protected class" under the ADA and the NYSHRL (Compl. ¶ 9); (2) that she had been prescribed a generic form of Valium (Compl. ¶ 24); (3) First Advantage asked her what type of "illegal street drugs" she took (Compl. ¶¶ 22-23); and (4) that First Advantage "regarded Plaintiff as disabled as a result of her drug screening results."  (Compl. ¶ 30.)  Beyond the conclusory statement that she is a member of the protected class under the ADA or the NYSHRL, Plaintiff has not adequately pled that First Advantage perceived her to be disabled under the ADA or the NYSHRL.

7

Under the ADA, as amended by the ADAAA, Plaintiff is required to show that First Advantage regarded her as disabled, but she is "not required to show that the disability [s]he is perceived as suffering from is one that actually limits, or is perceived to limit, a major life activity." *Darcy v. City of N.Y.*, No. 06-CV-2246, 2011 WL 841375, at \*4 (E.D.N.Y. Mar. 8, 2011). The ADA does not protect individuals currently engaging in the illegal use of drugs, *see* 42 U.S.C. § 12114(a); 29 C.F.R. § 1630.3(a), but this definition of the term "qualified individual with a disability" does not exclude an individual who is erroneously regarded as engaging in such use. 42 U.S.C. § 12114(b); 29 C.F.R. § 1630.3(b). As the Equal Employment Opportunity Commission has explained in its Interpretive Guidance on Title I of the Americans with Disabilities Act, "[a]n individual erroneously regarded as illegally using drugs . . . would have to show that he or she was regarded as a drug addict in order to demonstrate that he or she meets the definition of 'disability' as defined in this part." 29 C.F.R. Part 1630, Appendix, Section 1630.3 Exceptions to the Definitions of "Disability" and "Qualified Individual with a Disability."

Plaintiff's protected status under the ADA and the NYSHRL cannot be established merely by virtue of allegations that she has a prescription for a generic form of Valium, that First Advantage asked Plaintiff what type of illegal drugs she was taking, and First Advantage's report of Plaintiff's positive drug test result for benzodiazepines to CVS. Even taking all those factual allegations as true for purposes of this motion, First Advantage's questioning of Plaintiff regarding her current illegal drug use as part of a drug testing process is insufficient to plead a viable claim that First Advantage perceived Plaintiff to be a drug addict, and thus disabled, in violation of the ADA and NYSHRL. *See Cotto v. Rochester City Sch. Dist.*, No. 12-CV-6106, 2013 WL 4520026, at \*7 (W.D.N.Y. Aug. 26, 2013); *cf. Kelly v. N. Shore-Long Island Health Sys.*, No. 13-CV-1284, 2014 WL 2863020, at \*6 (E.D.N.Y. June 22, 2014).

8

*Cotto* and *Kelly* are instructive.  In *Cotto*, the plaintiff asserted a "regarded as" disabled claim under the ADA and alleged that his employer terminated him because it perceived him to be a "drug abuser."  2013 WL 4520026, at *3.  The defendant argued that plaintiff could not establish a *prima facie* "regarded as" disabled claim based on his positive drug test for cocaine absent any evidence that the defendant perceived him to be disabled.  The *Cotto* court held that the record failed to show defendant perceived plaintiff as having a history of drug addiction (as opposed merely to drug use) or that it discriminated against him based on a perception of him as disabled.  The court explained that plaintiff's disclosure to his supervisor, on one occasion, that he did not want to submit to a drug test because he knew he would test positive was insufficient to maintain a perceived disability claim.  In *Kelly*, the plaintiff brought claims under the ADA and the NYSHRL based on perceived disability.  2014 WL 2863020, at *3.  Plaintiff alleged that defendant perceived her to be a recovering alcoholic, and thus disabled.  *Id.* at *6.  The defendant argued that plaintiff's claim should be dismissed because she had not plausibly pled that defendant regarded her as disabled.  *Id.*  The court granted the defendant's motion to dismiss and held that the plaintiff had merely informed her supervisor that she had failed a drug test and was receiving treatment for unspecified "substance abuse issues," which was insufficient to claim plausibly that defendant regarded plaintiff as disabled.  *Id.* at *7.  As the court explained, these allegations "stop short of alleging facts from which it can be inferred that [defendant] regarded [p]laintiff as a recovering alcoholic."  *Id.*

Even taking all the Complaint's factual allegations as true, Plaintiff has failed to plead a plausible claim that First Advantage perceived her to be disabled under any standard.  Such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

9

statements" cannot withstand a motion to dismiss. *Kelly*, 2014 WL 2863020, at *3 (*quoting Iqbal*, 556 U.S. at 678).

Plaintiff's claim cannot survive for the additional reason, as discussed above in section A, that she has not pled that First Advantage took any adverse employment action against her because it perceived her to be disabled. It is well-established that an adverse action is a "materially adverse change in the terms and conditions of employment [that] is more disruptive than a mere inconvenience or an alteration of job responsibilities," such as "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices." *Demoret v. Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006). The Complaint has not pled facts sufficient to show that First Advantage, merely by conveying Plaintiff's drug test result to CVS, took any adverse action against Plaintiff. Without pleading this essential element of her *prima facie* claims under the ADA and the NYSHRL, Plaintiff has failed to raise a plausible claim against First Advantage under either statute. Plaintiff's claims against First Advantage, therefore, should be dismissed.

## CONCLUSION

For the foregoing reasons, First Advantage respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint, together with such other and further relief as it deems just and proper.

Respectfully submitted,

FIRST ADVANTAGE OCCUPATIONAL
HEALTH SERVICES CORP.


By: */s/ Cameron Smith*
‎    Frederick T. Smith (admitted *pro hac vice*)
‎    fsmith@seyfarth.com
‎    SEYFARTH SHAW LLP
‎    1075 Peachtree Street, N.E., Suite 2500
‎    Atlanta, Georgia 30309-3958
‎    Telephone: (404) 888-1021
‎    Facsimile: (404) 892-7056

‎    Cameron Smith
‎    casmith@seyfarth.com
‎    SEYFARTH SHAW LLP
‎    620 Eighth Avenue
‎    New York, New York  10018
‎    Telephone:  (212) 218-5500
‎    Facsimile:  (212) 218-5526


Date:   May 8, 2015

11

19202873v.7