UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARLENE MILLMAN,

                        **Plaintiff,**

     - against –

CVS CAREMARK, CVS HEALTH and
FIRST ADVANTAGE BACKGROUND
SERVICES CORPORATION,

                        **Defendants.**

Case No.: 2:15-cv-00134 (DRH)(GRB)


# PLAINTIFF'S MEMORANDUM OF LAW
## SUBMITTED IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS


Saul D. Zabell, Esq.
**ZABELL & ASSOCIATES, P.C.**
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
Szabell@laborlawsny.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii-iv

I.  PRELIMINARY STATEMENT .................................................................................1

II. STATEMENT OF FACTS..........................................................................................1

   A. Factual Background ...........................................................................................1

   B. Procedural Background .....................................................................................3

III. ARGUMENT.............................................................................................................3

   POINT 1

   PLAINTIFF ESTABLISHED A *PRIMA FACIE* CASE FOR EMPLOYMENT DISCRIMINATION UNDER THE ADA .......................................................................3

   A. Applicable Pleading Standard............................................................................3

   B. Plaintiff Establishes a viable claim under the ADA ...........................................6

      1. Plaintiff establishes that Defendants are covered by the ADA.........................6

      2. Plaintiff establishes a *prima facie* case that Defendants regarding her as disabled ...........................................................................................................9

      3. Plaintiff establishes a *prima facie* case that she was qualified for the position ..........................................................................................................11

      4. Plaintiff establishes a *prima facie* case that she suffered an adverse employment action...........................................................................................11

   POINT II

   PLAINTIFF MAINTAINS A VIABLE CAUSE OF ACTION ARISING UNDER THE NYSHRL ..............................................................................................................13

   POINT III

   PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND IF DEFENDANTS MOTIONS ARE GRANTED.........................................................14

IV. CONCLUSION ........................................................................................................15

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................................3

*Boire v. Greyhound Corp.*, 376 U.S. 473 (1964) ................................................................8

*Scheuer v. Rhodes*, 416 U.S. 232 (1974)..............................................................................5

*Zinermon v. Burch*, 494 U.S. 113 (1990) ............................................................................4

**FEDERAL COURT CASES**

**United States Court of Appeals**

*Arculeo v. On-Site Sales & Mktg., LLC,*
    425 F.3d 193 (2d Cir. 2005)...........................................................................................7

*Brown v. Coach Stores, Inc.,*
    163 F.3d 706 (2d Cir. 1998)...........................................................................................5

*Capobianoco v. City of New York,*
    422 F.3d 47 (2d Cir. 2005)............................................................................................6

*Clinton's Citch Co-op Co., Inc. v. N.R.L.B.,*
    778 F.2d Cir. 1985) ...................................................................................................7, 8

*Cook v. Arrowsmith Shelburne, Inc.,*
    69 F.3d 1235 (2d Cir. 1982) .........................................................................................6

*Deravin v. Kerik,*
    335 F.3d 195 (2d Cir. 2003)...........................................................................................5

*ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.,*
    553 F.3d 187 (2d Cir. 2009)...........................................................................................4

*Galabya v. New York City Bd. of Educ.,*
    202 F.3d 636 (2d Cir. 2000); .......................................................................................12

*Gulino v. New York State Educ. Dep't,*
    460 F.3d 361 (2d Cir. 2006)...........................................................................................7

*Harris v. Mills,*
    572 F.3d 66 (2d Cir. 2009).............................................................................................4

*Hertz Corp. v. City of New York,*
    1 F.3d 121 (2d Cir. 1993)....................................................................................................4

*In re NYSE Specialists Secs. Litig.,*
    503 F.3d 89 (2d Cir. 2007)...............................................................................................4

*Kassner v. 2nd Avenue Delicatessen, Inc.,*
    496 F.3d 229 (2d Cir. 2007) . ...........................................................................................5

*Kinneary v. City of New York,*
    601 F.3d 151 (2d Cir. 2010)............................................................................................13

*Lovjoy–Wilson v. NOCO Motor Fuel,* Inc.,
    263 F.3d 208 (2d Cir. 2001) ..........................................................................................12

*Ruotolo v. City of N.Y.,*
    514 F.3d 184 (2d Cir. 2008)..............................................................................................3

*Schupak Group, Inc. v. Travelers Cas. and Sur. Co. of Am.,*
    716 F. Supp. 2d 262 (S.D.N.Y. 2010) ...........................................................................14

*Slattery v. Swiss Reinsurance Am. Corp.,*
    248 F.3d 87 (2d Cir. 2001) .............................................................................................11

*Todd v. Exxon Corp.,*
    275 F.3d 191 (2d Cir. 2001)..............................................................................................5

*Zimmermann v. Assocs. First Capital Corp.,*
    251 F.3d 376 (2d Cir. 2001)..............................................................................................5

**Federal District Court**

*Al-Kaysey v. L-3 Servs. Inc.,*
    No. 11-CV-6318 (RRM) (LB), 2013 WL 5447686 (E.D.N.Y. Sept. 27, 2013) ...................6

*Ayala v. Metro One Sec. Sys., Inc.,*
    No. 11-CV-233 (JG) (ALC), 2011 WL 595601 (E.D.N.Y. April 19, 2011) ........................8

*Brtalik v. South Huntington Union Free School Dist.,*
    No. 10-CV-0010, 2010 WL 3958430 (E.D.N.Y. Oct. 6, 2010) ...........................................11

*Dawson v. New York City Transit Authority,*
    No. 13-CV-06593 (GHW), 2014 WL 5343312 (S.D.N.Y. Oct. 21, 2014) ........................12

*Dias v. Community Action Project, Inc.,*
    2009 WL 595601 (E.D.N.Y. March 6, 2009) ....................................................................9

*Echevarria v. Insight Med., P.C.,*
    13-cv-3710 (KPF), 2014 WL 7250956 (S.D.N.Y. 2014) ......................................................7

*Fanelli v. New York,*
    No. 13-CV-06627 (ADS) (WDW), 2014 WL 4160318 (E.D.N.Y. Aug. 18, 2014).............5

*Fowler v. Scores Holding Co., Inc.,*
    677 F. Supp. 2d 673 (S.D.N.Y. 2009) ................................................................................7

*Froehlich v. Holiday Organization, Inc.,*
    No. 11-CV-2977 (DHR) (WDW), 2012 WL 4483006 (E.D.N.Y. Sept. 27 2012) ............13

*Hitchens v. NYC Dept. of Educ.,*
    No. 11–CV–4180 (RRM) (RML), 2013 WL 1290981 (E.D.N.Y. Mar. 28, 2013) ...........5

*Kelly v. N. Shore-Long Island Health Sys.,*
    No. 13-CV-1284 (JS) (WDW), 2014 WL 2863020 (E.D.N.Y. June 22, 2014)...................6

*Reynoso v. All Foods, Inc.,*
    908 F. Supp. 2d 330 (E.D.N.Y. 2012) ...........................................................................3-5

*Robinson v. Gucci Am.,*
    11-CV-3742 (JPO), 2012 WL 259409 (S.D.N.Y. Jan. 27, 2012) ......................................5

*Rodriguez v. City of New York,*
    No. 13-CV-6138 (FB) 2015 WL 332989 (E.D.N.Y. Jan. 23, 2015) ..................................9

*Velez v. Novartis Pharm. Corp.,*
    244 F.R.D. 243 (S.D.N.Y. 2007)........................................................................................7

*Woodell v. United Way of Dutchess County,*
    357 F. Supp. 2d 761 (S.D.N.Y. 2005) ...............................................................................7

**STATUTES & REGULATIONS**

42 U.S.C. § 12101 ............................................................................................................................1

42 U.S.C. § 12102 ............................................................................................................................9

42 U.S.C. § 12112 ............................................................................................................................6

Fed. R. Civ. P. 12............................................................................................................................4

N.Y. Exec. Law § 290......................................................................................................................1

## PRELIMINARY STATEMENT

Plaintiff, Arlene Millman ("Plaintiff"), respectfully submits this memorandum of law in opposition to the pending motions to dismiss brought by Defendants, CVS Caremark and CVS Health ("CVS"), and First Advantage Background Services Corporation ("First Advantage") (collectively "Defendants"). For all of the reasons set forth below, Defendants' motions should be denied in their entirety.

Plaintiff commenced this action by Summons and Complaint on January 12, 2015. [ECF Doc. No. 1] (a true and accurate copy is attached hereto as "Exhibit 1") This action arises from Defendant CVS rescinding its offer of employment to Plaintiff based upon the false perception that Plaintiff suffers from a mental impairment.  In response to Defendants unlawful actions, Plaintiff asserts viable claims under the Americans with Disabilities Act ("ADA") of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, et seq. and other appropriate rules, regulations, statutes and ordinances.  Accordingly, Defendants' motions to dismiss should be denied.

## STATEMENT OF FACTS

### A.    Factual Background

In or about August 2014, Plaintiff applied for an available Pharmacy Technician Trainee/Pharmacy Service Associate Position with Defendant CVS. (Compl. ¶ 15) On August 18, 2014, Defendant CVS offered Plaintiff a position as a Pharmacy Tech Trainee with the Company *via* electronic mail. (Compl. ¶ 16) Defendant CVS' August 18, 2014 email stated that (1) Plaintiff would be a part-time employee paid an hourly rate of $9.00 on a bi-weekly basis; (2) her starting location would be: 63 New York Ave., Huntington, NY; (3) Plaintiff would begin

1

her employment on August 29, 2014, but that date would be finalized once the pre-employment screening was completed; and (4) that the offer was contingent on the successful completion of criminal background and drug screening. (Compl. ¶ 17) Plaintiff accepted the offer. (Compl. ¶ 18)

Subsequently, Plaintiff went to the designated testing lab, completed the drug screening and submitted it to the drug testing company, Defendant First Advantage. (Compl. ¶ 19) Prior to completing the drug screening, Plaintiff was not interviewed or required to provide a list of prescribed medication. (Compl. ¶ 20) On September 5, 2014, Defendant CVS' representative, "Debbie," left Plaintiff a voicemail and requested Plaintiff call back regarding employment with Defendant CVS. (Compl. ¶ 21) Thereafter, on September 10, 2014, Plaintiff spoke with the Medical Review Officer, Dr. Salvador (spelled phonetically), on the telephone. (Compl. ¶ 22) During that conversation, Dr. Salvador asked Plaintiff what type of "illegal street drugs" she took. (Compl. ¶ 23) Plaintiff informed Dr. Salvador that she did not take "illegal street drugs" and was medically prescribed Diazepam, which is generic form of Valium. Additionally, Plaintiff provided the prescription number, physician's name and pharmacy's name. (Compl. ¶ 24)

On September 12, 2014, Defendant First Advantage provided Plaintiff with notification *via* First Class Mail that her test was reported as a "non-negative or positive" because she tested positive for Benzodiazepines. (Compl. ¶ 25) In accordance with Defendant First Advantage's September 12, 2014 notification, Plaintiff attempted to contact (1) Defendant CVS' drug testing program contact or human resource representative to discuss the policies and procedures relative to the test result reported by the Medical Review Officer; and (2) the Medical Review Officer directly, to notify him that she was medically prescribed Diazepam. (Compl. ¶ 26) On September

2

19, 2014, Plaintiff attempted to contact the Medical Review Officer telephonically at the number provided multiple times. Her attempts were unsuccessful. (Compl. ¶ 27) Additionally, on September 19, 2014, Plaintiff contacted and spoke with Defendant CVS' representative, Amy Nguyen, twice. Plaintiff reiterated to Ms. Nguyen that she was medically prescribed Diazepam. (Compl. ¶ 28) Subsequently, based on the "non-negative or positive" test result, CVS revoked its employment offer for the Pharmacy Tech Trainee/Pharmacy Service Associate Position. (Compl. ¶ 29) Defendants regarded Plaintiff as disabled as a result of her drug screening results. (Compl. ¶ 30)

## B.     Procedural Background

On or about September 23, 2014, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Compl. ¶ 6) On December 19, 2014, the EEOC issued Plaintiff a Notice of Right to Sue. (Compl. ¶ 6) (Ex. 1 at p. 9) Subsequently, on January 12, 2015, Plaintiff commenced this action. [ECF Doc. No. 1] (Ex. 1) Thereafter, each Defendant consented to Plaintiff's waiver of service and, on May 8, 2015, each Defendant moved to dismiss Plaintiff's claim for failure to state a claim.

**ARGUMENT**

**POINT I**

**PLAINTIFF ESTABLISHES A *PRIMA FACIE* CASE OF
EMPLOYMENT DISCRIMINATION UNDER THE ADA**

## A.     Applicable Pleading Standard

"Under the now well-established *Twombly* standard, to survive a motion to dismiss, a Complaint must plead enough facts to state a claim to relief that is plausible on its face." *Reynoso v. All Foods, Inc.*, 908 F. Supp. 2d 330, 336-37 (E.D.N.Y. 2012) (citing *Ruotolo v. City of N.Y.*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

3

(2007)); *see ECA, Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009)) (internal quotation marks omitted). "In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the Complaint and draws all reasonable inferences in the Plaintiff's favor." *Reynoso*, 908 F. Supp. 2d at 336-37 (citing *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007)).

In the Second Circuit, courts are guided by two principles in deciding a motion to dismiss. *Reynoso*, 908 F. Supp. 2d at 336 (citing *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "First, although a court must accept as true all of the allegations contained in a Complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by a mere conclusory statement, do not suffice.'" *Reynoso*, 908 F. Supp. 2d at 337 (citing *Harris*, 572 F.3d at 66 (quoting *Iqbal*, 556 U.S. at 678)) (internal quotation marks omitted). "Second, only a Complaint that states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Reynoso*, 908 F. Supp. 2d at 337 (citing *Harris*, 572 F.3d at 66 (*quoting Iqbal*, 556 U.S. at 678)) (internal quotation marks omitted). "Thus, '[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determinate whether they plausibly give rise to an entitlement of relief.'" *Reynoso*, 908 F. Supp. 2d at 337 (citing *Iqbal*, 556 U.S. at 678).

Dismissal pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) is only proper if the Court finds that the Complaint cannot state *any* set of facts that would entitle Plaintiff to relief. *Reynoso*, 908 F. Supp. 2d at 336-37 (citing *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993)) (emphasis added). In deciding a motion to dismiss, the Court

4

considers whether the Plaintiff is entitled to offer evidence to support the claims, not whether the Plaintiff will ultimately prevail. *Reynoso*, 908 F. Supp. 2d at 336-37 (citing *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Moreover, "[t]he Second Circuit has held that 'the pleading requirements in discrimination cases are very lenient, even *de minimis*.'" *Reynoso*, 908 F. Supp. 2d at 336-37 (citing *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (quoting *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998)); *see also Zimmermann v. Assocs. First Capital Corp.*, 251 F.3d 376, 380 (2d Cir. 2001) (stating that "evidence necessary to satisfy th[e] initial burden [is] 'minimal' and '*de minimis*.'")). Thus, "the survival of a Complaint in an employment discrimination case does not rest on whether it contains specific facts establishing a *prima facie* case." *Fanelli v. New York*, No. 13-CV-06627 (ADS) (WDW), 2014 WL 4160318, at *9 (E.D.N.Y. Aug. 18, 2014). "Rather, 'the Court asks only whether a Plaintiff has pled a *prima facie* case, not whether a Plaintiff has established that case. Thus, the standard is simply whether [the] Plaintiff's Complaint, construed liberally, satisfies the federal pleading requirements for a claim of discrimination." *Fanelli*, 2014 WL 4160318, at *10 (quoting *Hitchens v. NYC Dept. of Educ.*, No. 11–CV–4180 (RRM) (RML), 2013 WL 1290981, at *3 (E.D.N.Y. Mar. 28, 2013). Accordingly, "the claim must be facially plausible and must give fair notice to the Defendants of the basis for the claim." *Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, (2d Cir. 2007); *Robinson v. Gucci Am.*, 11-CV-3742 (JPO), 2012 WL 259409, at *3 (S.D.N.Y. Jan. 27, 2012); *see also Brown*, 756 F.3d at 228-29. Here, Plaintiff sets forth a *prima facie* case of perceived disability discrimination. However, even if in the unlikely event this Court should find she has not satisfied her burden, Plaintiff satisfies her required burden because she sets forth a facially plausible claim and gives Defendants fair notice of her claim.

5

**B.      Plaintiff Establishes a Viable Claim Under the ADA**

The ADA prohibits discrimination against a "qualified individual with a disability because of the disability" in the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).  To state a claim for discrimination under the ADA, a Plaintiff must establish a *prima facie* case that: "(1) the Defendant is a covered by the ADA; (2) Plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) Plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodations; and (4) Plaintiff suffered an adverse employment action because of [her] disability or perceived disability." *Kelly v. N. Shore-Long Island Health Sys.*, No. 13-CV-1284 (JS) (WDW), 2014 WL 2863020, at *6 (E.D.N.Y. June 22, 2014) (citing *Capobianoco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005)).  Here, Plaintiff establishes each element, and therefore, establishes a *prima facie* case of discrimination under the ADA.

**1.      Plaintiff establishes that Defendants are covered by the ADA**

Plaintiff establishes a *prima facie* case that Defendants acted as employers within the meaning of the ADA.  Defendant CVS does not dispute that it is an employer under the ADA; therefore, Plaintiff will only address Defendant First Advantage.  Defendant First Advantage asserts that it is not liable to Plaintiff because it did not employ Plaintiff, nor did Plaintiff apply for employment with Defendant First Advantage. (Def. First Advantage Memo of Law p. 4) These facts are not in dispute.  However, Defendant First Advantage fails to consider that courts have consistently recognized situations in which liability may be imposed in the absence of a traditional or straightforward employer-employee relationship. *See, e.g., Al-Kaysey v. L-3 Servs. Inc.*, No. 11-CV-6318 (RRM) (LB), 2013 WL 5447686, at *12-13 (E.D.N.Y. Sept. 27, 2013) (citing *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1242 (2d Cir. 1982) (stating that "the

6

term employer' is 'sufficiently broad to encompass any party who significantly affects access of any individual to employment opportunities, regardless of whether the party may technically be described as an 'employer' at common law'") (internal alterations omitted).

Particularly relevant here is the "joint employer" test. *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 378 (2d Cir. 2006). "Where this doctrine is operative, an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law on the constructive employer, on the theory that this other entity is the employee's joint employer." *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005) (citing *Clinton's Citch Co-op Co., Inc. v. N.R.L.B.*, 778 F.2d 132 (2d Cir. 1985)); *Echevarria v. Insight Med., P.C.*, 13-cv-3710 (KPF), 2014 WL 7250956, at *13 (S.D.N.Y. 2014); *Fowler v. Scores Holding Co., Inc.*, 677 F. Supp. 2d 673, 681 (S.D.N.Y. 2009) (noting that "[t]he joint employer doctrine applies where there is no single integrated enterprise, but where two employers handle certain aspects of their employer-employee relationship jointly").

In determining joint employment, courts examine "immediate control over employees" and a Defendant's control over relevant aspects of employment, including hiring of employees. *See Clinton's Ditch*, 778 F.2d at 138; *Velez v. Novartis Pharm. Corp.*, 244 F.R.D. 243, 250 (S.D.N.Y. 2007) (advising that whether two entities are joint employers requires considering "whether the two enterprises exhibit centralized control of labor relations, including tasks such as handling job applications, approving personnel status reports, and exercising veto power over major employment decisions"). "[A] joint employer relationship may be found where there is sufficient evidence that a defendant had immediate control over another company's employees,

7

and even more importantly, over the particular employee alleging discrimination." *Woodell v. United Way of Dutchess County*, 357 F. Supp. 2d 761, 767 (S.D.N.Y. 2005). Whether an entity "possessed sufficient indicia of control" to be considered a joint employer, however, "is essentially a factual issue." *Boire v. Greyhound Corp.*, 376 U.S. 473, 481 (1964); *see also Clinton's Ditch* 778 F.2d at 136.

Here, Plaintiff accepted an offer of employment with Defendant CVS as a Pharmacy Tech Trainee/Pharmacy Service Associate Position that was contingent on her successful completion of a criminal background check and drug screening. (Compl. ¶¶ 15, 17) Plaintiff's drug screening was completed and submitted to Defendant First Advantage. (Compl. ¶ 18) Thereafter, Defendant First Advantage informed Plaintiff that her test was reported as a "non-negative or positive" because she tested positive for Benzodiazepines. (Compl. ¶ 25) Plaintiff attempted to inform Defendant First Advantage that she was medically prescribed Diazepam, the generic form of Valium, but was accused of taking "illegal street drugs" in response. (Compl. ¶ 24) Based upon Defendant First Advantage's drug screening results, Plaintiff's employment offer was revoked. (Compl. ¶ 29)

Defendant First Advantage's drug screening and the events that followed formed the basis of Defendant CVS' decision to rescind its employment offer. Absent Defendant First Advantage's report on Plaintiff's drug screening, Plaintiff would have commenced employment with Defendant CVS. Thus Defendant First Advantage exercised a degree of control over Plaintiff's employment sufficient to effectuate revocation of Plaintiff's offer of employment. Therefore, Defendant First Advantage played an integral role in Defendant CVS' refusal to hire Plaintiff for discriminatory reasons, and therefore, qualifies it as a joint employer, satisfying the first element under the ADA. Importantly, Defendant First Advantage's argument in support of

dismissal disregards the well-settled notion that the issue of joint employer is generally not suited to resolution on a motion to dismiss. *See Ayala v. Metro One Sec. Sys., Inc.*, No. 11-CV-233 (JG) (ALC), 2011 WL 595601, at *5 (E.D.N.Y. April 19, 2011) (citing *Dias v. Community Action Project, Inc.*, 2009 WL 595601, at *5 (E.D.N.Y. March 6, 2009)) (noting that whether two related entities are sufficiently integrated to be treated as a single employer is generally a question of fact and, "accordingly, the question is generally not suited to resolution on a motion to dismiss"). Therefore, Plaintiff establishes a *prima facie* case that Defendant First Advantage is a covered entity under the ADA.

2.    **Plaintiff establishes a *prima facie* case that Defendants regarding her as disabled**

Plaintiff establishes a *prima facie* case that Defendants perceived her as being disabled. Under the ADA, a "disability" is: (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment. *See* 42 U.S.C. § 12102(1); *Rodriguez v. City of New York*, No. 13-CV-6138 (FB) 2015 WL 332989, at *2 (E.D.N.Y. Jan. 23, 2015). An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action [prohibited by the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity. 42 U.S.C. § 12102(3)(A).

Here, Plaintiff's allegations clearly raise a reasonable inference that Defendants regarded her as suffering from a disability. *See Rodriguez*, 2015 WL 332989, at * 2 (holding that it was reasonable to infer that Defendant regarded Plaintiff as having a mental impairment when Defendant believed Plaintiff was delusional and misdiagnosed him with delusional disorder). First, Defendant First Advantage accused Plaintiff of taking "illegal street drugs," raising a

plausible inference that Plaintiff was perceived as suffering from a disability related to drug abuse.   Further, despite Defendant First Advantage's allegation that Plaintiff was taking "illegal street drugs," Plaintiff provided a legitimate medical explanation for the "non-negative or positive" result on her drug screening test.  Plaintiff informed Defendants that she was medically prescribed Diazepam, the generic form of Valium, a drug used to treat a variety of medical conditions, including, but not limited to anxiety disorders. She also provided her physician's name and contact information and that of her pharmacy. However, Defendant First Advantage took no affirmative steps to corroborate Plaintiff's legitimate medical explanation for the test result. Defendant First Advantage's failure to corroborate Plaintiff's medical prescription proves Plaintiff was perceived as suffering from a disability.

In addition to Defendant First Advantage, Plaintiff also informed Defendant CVS that she was medically prescribed Diazepam and that was the reason for her "non-negative or positive" test result.   Instead of taking any affirmative steps, Defendant CVS revoked its offer of employment, resulting, again, in an inference that Defendant CVS also regards Plaintiff as having a mental impairment. *See Rodriguez*, 2015 WL 332989, at *2.

In support of their position, each Defendant relies heavily upon the court's decision in *Kelly v. N. Shore-Long Island Health Sys.*, No. 13-CV-1284 (JS) (WDW), 2014 WL 2863020, at *6 (E.D.N.Y. June 22, 2014-, 2014 WL 2863020, at *6. The facts of the present case are readily distinguishable from those of *Kelly*, and no parallel can be drawn between two. (*See* Def. First Advantage Memo of Law p. 9; Def. CVS Memo of Law p. 6) Specifically, the Plaintiff in *Kelly* informed Defendant that she previously failed a drug test and received treatment for substance abuse. *Id.* at *7.  The court determined that these claims were insufficient to claim that Defendant regarded her as disabled because they fell short of alleging facts that Defendant

10

regarded Plaintiff as a recovering alcoholic. *Id.* at *7.  Unlike the Defendant in *Kelly,* Defendant First Advantage, itself, accused Plaintiff of taking "illegal street drugs." Defendant First Advantage's accusations alone create the reasonable inference that it perceived Plaintiff as having a mental/physical impairment.  Further, Plaintiff disclosed to each Defendant that she was medically prescribed Diazepam, which is used to treat anxiety disorders, yet each Defendant failed to corroborate Plaintiff's medical use of Diazepam.  Rather, Defendant First Advantage concluded that Plaintiff's drug screening test resulted in a "non-negative or positive" result, and Defendant CVS ultimately rescinded its employment offer.  Plaintiff meets her *prima facie* burden proving that Defendant CVS perceived her as being "disabled" within the meaning of the ADA and all amendments thereto.  Therefore,

Moreover, whether Defendants perceived Plaintiff as being disabled is generally a fact intensive issue that must be resolved through discovery. *See Brtalik v. South Huntington Union Free School Dist.,* No. 10-CV-0010, 2010 WL 3958430, at *9 (E.D.N.Y. Oct. 6, 2010) (noting that the Court "is unwilling to dismiss, at this juncture, as a matter of law, Plaintiffs claims of disability" . . . because discovery will reveal whether or not Plaintiff suffered from a disability). Thus, it is premature for the Court to dismiss this action, and Plaintiff should be permitted to explore this issue through discovery.

3.     **Plaintiff establishes a *prima facie* case that she was qualified for the position**

Defendants concede that Plaintiff was qualified for the position. Plaintiff was awarded the position of Pharmacy Technician Trainee/Pharmacy Service Associate. (Compl. ¶ 15) Defendant CVS' offer of employment to Plaintiff proves that she was, in fact, qualified for the position. *See Slattery v. Swiss Reinsurance Am. Corp.,* 248 F.3d 87, 92 (2d Cir. 2001), as amended (June 6, 2001) (noting that Plaintiff must show only that he "possesses the basic skills

11

necessary for performance of [the] job"). The mere fact that Plaintiff was offered the position in the first place proves that Defendants believed Plaintiff was, in actuality, qualified for the position. It was only after Defendant First Advantage reported to Defendant CVS that Plaintiff got a "non-negative or positive" drug screening result that Defendant CVS revoked its employment offer. As such, Plaintiff satisfies the third element for a claim of discrimination under the ADA.

### 4. Plaintiff establishes a *prima facie* case that she suffered an adverse employment action

Plaintiff sufficiently alleges that she suffered an adverse employment action because of her perceived disability. "A plaintiff sustains an adverse employment action if he or she endures a materially adverse change in the terms and conditions of employment." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (advising that a Plaintiff sustains an adverse employment action if he or she endures a "materially adverse change in the terms and conditions of employment"); *Rodriguez*, 2015 WL 332989, at *3. The Second Circuit has "defined adverse employment action broadly to include 'discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand.'" *Dawson v. New York City Transit Authority*, No. 13-CV-06593 (GHW), 2014 WL 5343312, at * 6 (S.D.N.Y. Oct. 21, 2014) (citing *Lovjoy–Wilson v. NOCO Motor Fuel*, Inc., 263 F.3d 208, 223 (2d Cir. 2001). To be "materially adverse" a change in working conditions must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Galabya*, 202 F.3d at 640. "A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices ... unique to a particular situation." *Id.*

12

Defendant CVS offered Plaintiff the position of Pharmacy Technician Trainee/Pharmacy Service Associate, and Plaintiff accepted that offer. Based upon Defendant First Advantage's report that Plaintiff had a "non-negative or positive" drug screening test result, Defendant CVS revoked its employment offer.  Defendant CVS' refusal to hire Plaintiff, after it already awarded Plaintiff the position, constitutes an adverse employment action.  Indisputably, Defendant CVS revoked its offer based upon Defendant First Advantage's drug screening report.  Thus, in drawing all reasonable inferences in Plaintiff's favor, she plausibly alleges that the Defendants' false perception of disability resulted in the revocation of Defendant CVS' employment offer, satisfying the fourth element for discrimination under the ADA.  Therefore, Plaintiff establishes a *prima facie* case for employment discrimination under the ADA.

## POINT II

### PLAINTIFF MAINTAINS A VIABLE CAUSE OF ACTION ARISING UNDER THE NYSHRL

As discussed in Point II, Plaintiff establishes a *prima facie* case under the ADA. The legal standard under the NYSHRL is the same legal as the legal standard under ADA. *Kinneary*, 601 F.3d 151, 158 (2d Cir. 2010) (stating that the same elements establish a disability claim under the ADA and the NYSHRL); *Rodriguez*, 2015 WL 332989, at * 3 (noting that "the elements of an ADA claim also apply to claims under the NYSHRL").  Therefore, Plaintiff establishes a *prima facie* case under the NYSHRL for the same reasons Plaintiff sets forth a *prima facie* case under ADA in Point I.

13

## POINT III

### PLAINTIFFS SHOULD BE GRANTED LEAVE TO AMEND IF EITHER OF DEFENDANTS' MOTIONS ARE GRANTED

Plaintiffs maintain that the allegations set forth in the Complaint are sufficient to state plausible claims for relief; however, should Your Honor grant either of Defendants' motions to dismiss, even in part, Plaintiffs respectfully request leave to amend the Complaint. As Your Honor previously held, in the event any portion of Defendants' motion to dismiss is granted, the Court will permit Plaintiff an opportunity to cure the deficiencies in her ADA claim. *Froehlich v. Holiday Organization, Inc.*, No. 11-CV-2977 (DHR) (WDW), 2012 WL 4483006, at * (E.D.N.Y. Sept. 27, 2012). In the instant action, Plaintiff should be afforded the opportunity to amend and test her claim on the merits. Plaintiff has not engaged in any conduct sufficient to warrant dismissal without the leave to cure any deficiencies Your Honor may find. "Accordingly, it is the usual practice upon granting a motion to dismiss to allow leave to replead." *Schupak Group, Inc. v. Travelers Cas. and Sur. Co. of Am.*, 716 F. Supp. 2d 262, 267 (S.D.N.Y. 2010). As such, should Your Honor dismiss any of Plaintiff's claims, Plaintiff respectfully requests leave to amend her pleading.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests this Court deny Defendants' pending motions to dismiss with prejudice and refer the matter to Magistrate Judge Brown for discovery.

Dated: June 22, 2015
Bohemia, New York

ZABELL & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By: _____

Saul D. Zabell, Esq.
Zabell & Associates, P.C.
1 Corporate Drive, Suite 103
Bohemia, NY 11716
Tel.: (631) 589-7242
Fax: (631) 563-7475
szabell@laborlawsny.com

15

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK                )
                                 )   ss:
COUNTY OF SUFFOLK                )

**SAMANTHA E. HUDLER**, being duly sworn, deposes and says:

1.   That I am over eighteen years of age and am not a party to this action.

2.   That on the 22nd day of June, 2015, I served Plaintiff's Opposition to Defendants' Motion to Dismiss upon:

> Cameron Smith, Esq.
> Seyfarth Shaw LLP
> 620 Eighth Avenue
> New York, NY 10018
>
> &
>
> Laura M. Raisty, Esq.
> Locke Lord LLP
> 111 Huntington Avenue
> Boston, MA 02199

3.   *via* Priority Mail at the addresses listed above, same being the address designated for that purpose, by depositing a true copy of the same enclosed in a properly addressed wrapper in a depository under the exclusive care and custody of the United States Postal Service and *via* Electronic Mail to casmith@seyfarth.com and laura.raisty@lockelord.com.

_____
SAMANTHA E. HUDLER

Sworn to before me
this 22nd day of June, 2015

_____
NOTARY PUBLIC

LAURA E. JOHNSON
Notary Public, State of New York
Registration #02JO6325779
Qualified In Suffolk County
Commission Expires June 1, 20 19