UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ARLENE MILLMAN,

                                    Plaintiff,

            -  against -

CVS CAREMARK, CVS HEALTH and FIRST
ADVANTAGE BACKGROUND SERVICES
CORPORATION,

                                    Defendants.

Case No.: 15-CV-00134 (DRH) (GRB)

DECLARATION OF SAUL D.
ZABELL IN OPPOSITION TO
DEFENDANTS' MOTIONS
TO DISMISS THE
COMPLAINT

 

**SAUL D. ZABELL, ESQ.**, an attorney duly admitted to practice law before this Court,

hereby affirms under the penalty of perjury, that the following statements are true:

1.      I am the managing principal of the law firm Zabell & Associates, P.C. located at One

Corporate Drive, Bohemia, New York, which represents Plaintiff ARLENE MILLMAN

("Plaintiff"), in the above-captioned Action.

2.      I submit this Declaration in opposition to Defendants', CVS CAREMARK, CVS HEALTH

and FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION (collectively

"Defendants"), Motions to Dismiss.

3.      For the reasons delineated in the accompanying memorandum of law and upon the exhibits

attached hereto, Defendants' motions should be denied in their entirety.

## **EXHIBIT**

4.      Attached hereto as "Exhibit 1" is a true and correct copy of Plaintiff's Complaint as filed

on the Court's Electronic Filing System as Document Number One (1).

Dated: Bohemia, New York
      June 22, 2015

                                       **ZABELL & ASSOCIATES, P.C.**

By: _____
                    Saul D. Zabell, Esq.
                    Zabell & Associates, P.C.
                    1 Corporate Drive, Suite 103
                    Bohemia, New York 11716
                    Tel: (631) 589-7242
                    Fax: (631) 563-7475
                    szabell@laborlawsny.com

# EXHIBIT 1

Case 2:15-cv-00134-DRH-GXB   Document 20-1   Filed 07/08/15   Page 4 of 12 PageID
#: 104
Case 2:15-cv-00134   Document 1   Filed 01/12/15   Page 1 of 9 PageID #: 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ARLENE MILLMAN,<br><br>                      **Plaintiff,**<br><br>            -against-<br><br>CVS CAREMARK, CVS HEALTH and FIRST<br>ADVANTAGE BACKGROUND SERVICES<br>CORPORATION,<br><br>                   **Defendants.** | **Case No.:**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, **ARLENE MILLMAN** ("Plaintiff"), by and through her attorneys, **ZABELL &**

**ASSOCIATES, P.C.**, complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover declaratory, monetary and affirmative relief based upon Defendants' violations of the Americans with Disabilities Act ("ADA") of 1990, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101, et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, et seq. (McKinney 1993 & 2001 supp.), and other appropriate rules, regulations, statutes and ordinances.

## II. JURISDICTION AND VENUE

2. The Court maintains jurisdiction over this action pursuant to 42 U.S.C. § 12101 and 28 U.S.C. § 1331.

3. The Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

4. This action properly lies in the United States District Court, Eastern District of New York, pursuant to 42 USC § 12101, et seq. and 28 U.S.C. § 1391 because Plaintiff resides within this judicial district.

5. This court has power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the EEOC on December 19, 2014.

7. In addition to the foregoing, on January 8, 2015, Plaintiff filed a subsequent EEOC Charge outlining additional instances of discrimination. Upon issuance of the right to sue letter, Plaintiff will promptly amend the Complaint.

### III. PARTIES

8. Plaintiff, at all times relevant here, was a domiciliary of the State of New York, residing in Suffolk County.

9. At all times relevant herein, Plaintiff was a member of the protected class within the meaning of 42 U.S.C. § 12101 et seq. and NYSHRL § 292.

10. Upon information and belief, Defendant, **CVS Caremark and CVS Health** ("CVS"), is a foreign business corporation, organized and existing under the laws of Rhode Island with its principal place of business located at 1 CVS Drive, Woonsocket, Rhode Island 02895.

11. Upon information and belief, Defendant, **FIRST ADVANTAGE BACKGROUND SERVICES CORPORATION** ("First Advantage"), is a foreign business corporation, organized and existing under the laws of Florida with its principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, GA 30328.

12. Upon information and belief, at all times relevant herein, each Defendant acted as an "employer" within the meaning of 42 U.S.C. § 12111(5)(a), 29 C.F.R. § 1630.2(e)(1), and Section 292(2) of the NYSHRL.

13. Upon information and belief, at all times relevant herein, each Defendant employed fifteen (15) or more employees.

## IV. FACTS

14. Plaintiff repeats and realleges each and every allegation contained herein.

15. In or about August 2014, Plaintiff applied for an available Pharmacy Technician Trainee/Pharmacy Service Associate Position with Defendant CVS.

16. On August 18, 2014, Defendant CVS offered Plaintiff a position as a Pharmacy Tech Trainee with the Company *via* electronic mail.

17. Defendant CVS' August 18, 2014 email stated that (1) Plaintiff would be a part-time employee paid an hourly rate of $9.00 on a bi-weekly basis; (2) her starting location would be: 63 New York Ave., Huntington, NY; (3) Plaintiff would begin her employment on August 29, 2014, but that date would be finalized once the pre-employment screening was completed; and (4) that the offer was contingent on the successful completion of criminal background and drug screening.

18. Plaintiff accepted the offer.

19. Subsequently, Plaintiff went to the designated lab, completed the drug screening and submitted it to the drug testing company, Defendant First Advantage.

20. Prior to completing the drug screening, Plaintiff was not interviewed or required to provide a list of prescribed medication.

3

21. On September 5, 2014, Defendant CVS' representative, "Debbie," left Plaintiff a voicemail and requested Plaintiff to call back regarding employment with Defendant CVS.

22. Thereafter, on September 10, 2014, Plaintiff spoke with the Medical Review Officer, Dr. Salvador (spelled phonetically), telephonically.

23. During that conversation, Dr. Salvador asked Plaintiff what type of "illegal street drugs" she took.

24. Plaintiff informed Dr. Salvador that she did not take "illegal street drugs" and was medically prescribed Diazepam, which is generic form of Valium. Additionally, Plaintiff provided the prescription number, physician's name and pharmacy's name.

25. On September 12, 2014, Defendant First Advantage provided Plaintiff notification *via* First Class Mail that her test was reported as a "non-negative or positive" because she tested positive for Benzodiazepines.

26. In accordance with Defendant First Advantage's September 12, 2014 notification, Plaintiff endeavored to contact (1) Defendant CVS's drug testing program contact or human resource representative to discuss the policies and procedures relative to the test result reported by the Medical Review Officer; and (2) the Medical Review Officer directly, to notify him that she was medically prescribed Diazepam.

27. On September 19, 2014, Plaintiff attempted to contact the Medical Review Officer telephonically at the number provided multiple times. Her attempts were unsuccessful.

28. Additionally, on September 19, 2014, Plaintiff contacted and spoke with Defendant CVS' representative, Amy Nguyen, twice. Plaintiff again explained to Ms. Nguyen that she was medically prescribed Diazepam.

4

29. Subsequently, based on the "non-negative or positive" test result, CVS revoked its employment offer for the Pharmacy Tech Trainee/Pharmacy Service Associate Position.

30. Defendants CVS and First Advantage regarded Plaintiff as disabled as a result of her drug screening results.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(ADAAA – Disability Discrimination)

31. Plaintiff repeats and realleges each and every allegation contained herein.

32. Defendant CVS discriminated against Plaintiff on the basis of her perceived disability in violation of the ADAAA, in that Defendant CVS revoked its employment offer after learning Plaintiff was prescribed medication, which resulted in a "non-negative or positive" result.

33. Defendant First Advantage discriminated against Plaintiff on the basis of her perceived disability in violation of the ADAAA, in that it was complicit in Defendant CVS' discrimination.

34. As a proximate result of each Defendant's discriminatory actions, Plaintiff suffered and continues to suffer substantial loss of past and future earnings, bonuses, and other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

35. As a further proximate result of each Defendant's discriminatory actions, Plaintiff suffered and continues to suffer serve and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

36. Defendants' conduct was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of compensatory damages, and expenses and attorneys' fees all in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
(NYSHRL - Disability Discrimination)

37. Plaintiff repeats and realleges each and every allegation contained herein.

38. Defendant CVS discriminated against Plaintiff on the basis of her perceived disability in violation of NYSHRL, in that Defendant CVS revoked its employment offer after learning Plaintiff was prescribed medication, which resulted in a "non-negative or positive" result.

39. Defendant First Advantage discriminated against Plaintiff on the basis of her perceived disability in violation of the NYSHRL, in that it was complicit in Defendant CVS' discrimination.

40. As a proximate result of each Defendant's discrimination, Plaintiff suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

41. As a further proximate result of each Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

42. Defendants' conduct was undertaken in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to equitable and injunctive relief, an award of punitive damages, compensatory damages, and expenses and attorneys' fees in an amount to be determined at trial.

6

## VI.    DEMAND FOR JURY TRIAL

43. Plaintiff repeats and realleges each and every allegation contained herein.

44. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the Defendants' discriminatory conduct and actions herein alleged, Plaintiff demands:

a.    on the First Claim for Relief, order Defendants to pay Plaintiff back pay, front pay, and all benefits which would have been afforded Plaintiff but for said discrimination;

b.    on the Second Claim for Relief, order Defendants to pay Plaintiff front pay, liquidated damages and all benefits which would have been afforded Plaintiff but for said violation;

c.    declaring Defendants' violated the aforementioned statutes;

d.    enjoying Defendants, their agents, employees, officers and successors in interest from engaging in the illegal and unlawful customs, policies, and practices described herein;

e.    awarding Plaintiff compensatory damages in an amount to be determined at trial;

f.    awarding Plaintiff punitive damages where available by statute;

g.    awarding Plaintiff the costs and disbursements this action, including reasonable attorneys' fees;

h.      awarding Plaintiff pre and post judgment interest; and

i.      awarding Plaintiff such other and further relief as the court deems just and proper.

Dated: Bohemia, New York
January 9, 2015

Respectfully submitted,
**ZABELL & ASSOCIATES, P.C.**

By: _____

Saul D. Zabell
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel:   (631) 589-7242
Fax:   (631) 563-7475
szabell@laborlawsny.com

8

EEOC Form 161 (11/09)                    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Arlene Millman**                                    From:  **New York District Office**
     **28 Whistler Hill Lane**                                     **33 Whitehall Street**
     **Huntington, NY 11743**                                      **5th Floor**
                                                                   **New York, NY 10004**

☐   *On behalf of person(s) aggrieved whose identity is*
    *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2014-03763** | D. Young,<br>**Investigator** | **(212) 336-3758** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)                         _____          _12/19/14_
                                      **Kevin J. Berry,**                        *(Date Mailed)*
                                      **District Director**

cc:    **Attn.: Director of Human Resources**          **Saul Zabell, Esq.**
       **CVS CAREMARK/CVS HEALTH**                     **ZABELL & ASSOCIATES P.C.**
       **1 Cvs Drive**                                 **1 Corporate Drive, Suite 103**
       **Woonsocket, RI 02895**                        **Bohemia, NY 11716**