**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
      :
ARLENE MILLMAN,            : **ECF Case**
      :
          Plaintiff,     : Case No. 2:15-cv-00134-DRH-GRB
      v.      :
      :
CVS CAREMARK, CVS HEALTH, and FIRST  :
ADVANTAGE BACKGROUND SERVICES  :
CORPORATION,      :
      :
         Defendants.    :
      :
      :
      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## DEFENDANT FIRST ADVANTAGE OCCUPATIONAL HEALTH SERVICES CORP.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS <u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

SEYFARTH SHAW LLP

Frederick T. Smith (admitted *pro hac vice*)
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
(404) 888-1021

Cameron Smith
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

*Attorneys for Defendant*
*First Advantage Occupational Health Services Corp.*

Date:  July 8, 2015

Defendant FIRST ADVANTAGE OCCUPATIONAL HEALTH SERVICES CORP., incorrectly named as First Advantage Background Services Corp. in Plaintiff's Complaint ("First Advantage"), by its attorneys and pursuant to Fed. R. Civ. P. 12(b)(6), hereby submits its Reply Memorandum of Law in Further Support of Its Motion to Dismiss Plaintiff's Complaint.

## **INTRODUCTION**

Plaintiff's Opposition Brief ("Pl. Br.") fails to establish that her Complaint states a plausible claim for at least three reasons. First, Plaintiff stretches the notion of "joint employer" liability to absurd lengths — and in the absence of any factual allegations that First Advantage and CVS ever operated as joint employers — to argue that First Advantage is a "covered entity" under the ADA and the NYSHRL.[1] Second, in the absence of any specific factual allegations, Plaintiff concludes that First Advantage must have perceived her to have a "disability related to drug abuse" (Pl. Br. 10) or a "mental/physical impairment" (Pl. Br. 11) merely because she disclosed that she was taking a generic form of Valium and First Advantage's Medical Review Officer allegedly asked Plaintiff what type of "illegal street drugs" she was taking.[2] *Iqbal* and *Twombly* instruct that these types of conclusory allegations are not entitled to the presumption of truth. Third, Plaintiff ignores the argument that the Complaint fails to allege that First Advantage subjected her to an adverse employment action. The Complaint does not state a plausible claim that First Advantage is a covered entity or that it took an adverse employment action because it perceived Plaintiff to be disabled, and Plaintiff's claims should be dismissed.

---

[1] This reply brief uses the same abbreviations defined in First Advantage's opening memorandum of law unless otherwise specified.

[2] As it must, First Advantage assumes the facts contained in the Complaint to be true for purposes of its motion to dismiss, but disputes many of Plaintiff's allegations.

## I.    FIRST ADVANTAGE WAS NOT PLAINTIFF'S JOINT EMPLOYER.

Plaintiff acknowledges that First Advantage was neither her actual or prospective employer.  (Pl. Br. 6.)  In order to state a plausible claim that First Advantage is a covered entity under the ADA, Plaintiff's Complaint must set forth sufficient facts that First Advantage operated as Plaintiff's joint employer or is liable under another theory of vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  Plaintiff fails to plead even a conclusory allegation that First Advantage was her joint employer, much less any facts that could state a plausible claim that First Advantage is liable on a "joint employer" theory.  As explained in First Advantage's opening brief ("Def. Br."), the cases Plaintiff cites for the proposition that liability can attach outside the traditional employment relationship are inapposite.  They involve specific factual allegations regarding the elements of joint employer liability or different circumstances such as parent-subsidiary or subcontractor relationships.  (Def. Br. 5-7.)  Here, Plaintiff's Complaint lacks any facts sufficient to state a plausible claim under *Iqbal* and *Twombly* that First Advantage was Plaintiff's joint employer.

Plaintiff merely alleges that First Advantage reported to CVS that her drug test showed the presence of benzodiazepines.  There are no allegations in the Complaint that First Advantage participated in CVS' consideration of that drug test report or decision to withdraw Plaintiff's conditional offer of employment.  As Plaintiff acknowledges, the joint employer doctrine is only "operative" when an employee "has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity."  (Pl. Br. 7 (quoting *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005).)  One necessary element, among others, of joint employer status is that "the two enterprises exhibit

centralized control of labor relations, including tasks such as handling job applications, approving personnel status reports, and exercising veto power over major employment decisions." (Pl. Br. 7 (quoting *Clinton's Ditch Co-op Co., Inc. v. N.L.R.B.*, 778 F.2d 132, 137 (2d Cir. 1985).) Plaintiff's argument rests on the *post hoc* logical fallacy that had First Advantage not provided the "non-negative or positive" drug test result for benzodiazepines to CVS, she would have commenced employment at CVS. (Pl. Br. 8.) The contention that a third party provided information about a candidate to a prospective employer hardly suffices to properly plead that the third party is a joint employer because it exercises the necessary degree of control over the employment relationship. This is particularly true here, where Plaintiff's Complaint does not contain any allegations necessary to state a claim for joint employer liability against First Advantage, such as that CVS and First Advantage shared common ownership or financial control, common management, interrelation of operations, or centralized control of labor relations.

Plaintiff argues, incorrectly, that resolving whether First Advantage was her joint employer is generally not permissible on a motion to dismiss. *Iqbal* and *Twombly* stand for the proposition that a complaint like Plaintiff's, which fails to plead the essential elements of joint employer liability against First Advantage, should be dismissed at an early stage before the defendant is subjected to the cost of protracted discovery. Even the case that Plaintiff relies on to argue that joint employer status is inappropriate for resolution on a motion to dismiss (Pl. Br. 9) instructs that "[i]n order for [plaintiff's] claims against [the defendant] to survive a 12(b)(6) motion to dismiss, his complaint must contain sufficient 'factual content' for the Court to infer that he can plausibly make out the elements of the single employer doctrine." *Ayala v. Metro One Sec. Sys., Inc.*, No. 11-CV-233, 2011 U.S. Dist. LEXIS 42325, at *15-16 (E.D.N.Y. Apr. 19,

3

2011) (citing *Iqbal*, 556 U.S. at 663 and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Courts within this Circuit require that a complaint contain factual allegations regarding joint employer liability to survive a motion to dismiss and have routinely granted motions to dismiss in the absence of such allegations.  *See Javier v. Beck*, No. 13-CV-2926, 2014 U.S. Dist. LEXIS 95594, at *13-14 (S.D.N.Y. July 3, 2014) (granting motion to dismiss corporate affiliates because complaint "is bereft of substantive allegations" sufficient to "show control"); *Sosa v. Medstaff, Inc.*, No. 12-CV-8926, 2013 U.S. Dist. LEXIS 175278, at *8-11 (S.D.N.Y. Dec. 12, 2013) (granting motion to dismiss staffing agency defendants because plaintiff "has not pled facts sufficient to hold them vicariously liable for the actions" of plaintiff's employer); *Hugee v. SJC Grp., Inc.*, No. 13-CV-0423, 2013 U.S. Dist. LEXIS 116471, at *16-21 (S.D.N.Y. Aug. 13, 2013) (granting motion to dismiss FLSA and New York Labor Law claims brought by employee of defendant's subcontractor given plaintiff's failure to allege necessary elements of joint employer liability).  Because Plaintiff has not and cannot state a claim that First Advantage was her employer or joint employer, or is liable as a covered entity under any theory, her Complaint should be dismissed with prejudice.

## II.    PLAINTIFF HAS NOT STATED A PLAUSIBLE CLAIM THAT FIRST ADVANTAGE REGARDED HER AS DISABLED.

Plaintiff argues in her Opposition Brief that First Advantage "perceived [her] as suffering from a disability related to drug abuse" (Pl. Br. 10) and alternatively that it regarded her as "having a mental/physical impairment."  (Pl. Br. 11.)  The Complaint contains no allegation, much less specific facts sufficient to state a plausible claim, that First Advantage perceived her as having a mental or physical impairment or believed her to be a drug addict.  Plaintiff argues that the Defendants regarded her as suffering from a disability because she informed them that

4

"she was medically prescribed Diazepam, the generic form of Valium, a drug used to treat a variety of medical conditions, including, but not limited to, anxiety disorders," and that First Advantage's Medical Review Officer asked her what type of illegal street drugs she was taking. (Pl. Br. 9-10.)  The Complaint does not allege any factual information about the treatment applications for Diazepam, why Plaintiff was taking the drug, or otherwise contain sufficient factual allegations to permit an inference that First Advantage perceived Plaintiff to be suffering from a disability.  Plaintiff's conclusory assertion that First Advantage perceived her to be disabled cannot be established merely based on allegations that she failed a drug test, had a prescription for Diazepam, and was questioned about drug use in connection with a failed drug test.  Even assuming the truth of those allegations for this motion, a legitimate and wholly lawful question about illegal drug use as part of a drug testing process is insufficient to state a plausible claim that First Advantage regarded Plaintiff as a drug addict, and therefore disabled.

Plaintiff does not endeavor to distinguish *Cotto v. Rochester City Sch. Dist.*, No. 12-CV-6106, 2013 WL 4520026 (W.D.N.Y. Aug. 26, 2013), and her effort to distinguish *Kelly v. N. Shore-Long Island Health Sys.*, No. 13-CV-1284, 2014 WL 2863020 (E.D.N.Y. June 22, 2014) is unavailing.  *Cotto* and *Kelly* instruct that Plaintiff must do more than allege a perception of drug use or a mental impairment in wholly conclusory terms.  She must allege facts that state a plausible claim that First Advantage regarded her as suffering from a mental or physical impairment or a drug addiction.  In *Kelly*, the plaintiff argued that she had adequately pled that the defendant perceived her as an alcoholic, and thus disabled, based on a failed a drug test and because she had received treatment for unspecified "substance abuse issues."  *Kelly*, 2014 WL 2863020, at *7.  Just as in *Kelly*, Plaintiff argues that she has adequately pled a claim that First

Advantage regarded her as having an unspecified mental or physical impairment or a "disability related to drug abuse" based solely on her failed drug test, that she had a prescription for Diazepam, and that First Advantage's Medical Review Officer asked her if she was taking illegal street drugs. *Kelly* and *Cotto* instruct that Plaintiff's "regarded as" disability claim should be dismissed under the ADA and the NYSHRL because she has failed to plead factual allegations sufficient to raise a viable claim that First Advantage perceived her to be disabled.

Courts routinely dismiss ADA claims where the plaintiff has failed to plead facts sufficient to state a "regarded as" disabled claim. *See*, *e.g.*, *Schubbe v. Derrick Corp.*, No. 14-CV-531S, 2015 WL 1003909, at *6-7 (W.D.N.Y. Mar. 5, 2015) (dismissing claim where plaintiff "ha[d] not pled plausibly that defendant regarded him as disabled"); *Kelly*, 2014 WL 2863020, at *7 (dismissing claim where plaintiff "fail[ed] to allege any facts that plausibly suggest" that defendant perceived plaintiff to be suffering from an impairment); *Brtalik v. S. Huntington Union Free Sch. Dist.*, No. 10-CV-0010, 2010 WL 3958430, at *8-9 (E.D.N.Y. Oct. 6, 2010) (dismissing "regarded as" disability claim due to failure to plead a perception of disability on the part of the employer). Plaintiff's Complaint should be dismissed because she fails to plead a plausible claim that First Advantaged perceived Plaintiff to be disabled.

## III.    PLAINTIFF DOES NOT ATTEMPT TO REFUTE THAT FIRST ADVANTAGE DID NOT TAKE AN ADVERSE EMPLOYMENT ACTION AGAINST HER.

Plaintiff failed to address First Advantage's argument that her claims should be dismissed for failure to plead that First Advantage took an adverse employment action against her because it perceived her to be disabled. The Complaint alleges merely that First Advantage conveyed a "non-negative or positive" drug test result to CVS, but not that First Advantage committed any adverse employment action. Pleading an adverse action is an essential element of Plaintiff's

6

*prima facie* claims under the ADA and the NYSHRL. Absent factual allegations regarding this element, these claims should be dismissed.

## IV.   LEAVE TO AMEND SHOULD NOT BE GRANTED.

The Court should deny Plaintiff leave to amend her Complaint because no reading of the Complaint suggests that Plaintiff might plausibly state a claim that First Advantage was her employer or joint employer or that it regarded her as disabled. Plaintiff's Opposition Brief does not explain how amendment of the Complaint could offer additional factual allegations sufficient to state that First Advantage was a covered entity under the ADA or the NYSHRL, that it perceived her to be disabled, or that it took an adverse employment action because of that perception. When it is clear that amendment will not cure a complaint's deficiencies, leave to amend should be denied. *See Technomarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify . . . to the district court . . . how amendment would cure the pleading deficiencies in its complaint (citations omitted).

### CONCLUSION

Plaintiff fails to state a claim that First Advantage was a covered entity under the ADA or the NYSHRL or that First Advantage perceived her to be disabled and took an adverse employment action based on that belief. Accordingly, and for the reasons stated herein and in First Advantage's opening brief, Plaintiff's Complaint should be dismissed with prejudice, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

FIRST ADVANTAGE OCCUPATIONAL
HEALTH SERVICES CORP.


By:  */s/ Cameron Smith*

Frederick T. Smith (admitted *pro hac vice*)
fsmith@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 888-1021
Facsimile: (404) 892-7056

Cameron Smith
casmith@seyfarth.com
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York  10018
Telephone:  (212) 218-5500
Facsimile:  (212) 218-5526


Date:   July 8, 2015

8

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ARLENE MILLMAN,

        Plaintiff,

        v.

CVS CAREMARK, CVS HEALTH and FIRST
ADVANTAGE BACKGROUND SERVICES
CORPORATION,

        Defendants.

**ECF CASE**

Case No. 2:15-cv-00134-DRH-GRB

---

## CERTIFICATE OF SERVICE

I certify that on July 8, 2015, I served a true and correct copy of the foregoing

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS**

**MOTION TO DISMISS** by Federal Express on the following counsel of record:

Saul D. Zabell
Zabell & Associates, P.C.
1 Corporate Drive, Suite 103
Bohemia, New York 11716

Laura Raisty
Locke Lord LLP
111 Huntington Avenue
Boston, Massachusetts 02199

*/s/ Cameron Smith*____
Cameron Smith

9

20293709v.2