UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
ARLENE MILLMAN,

                Plaintiff,           **MEMORANDUM AND ORDER**

      -against-                   Civil Action No. 15-0134(DRH)(GRB)

CVS CAREMARK, CVS HEALTH, and
FIRST ADVANTAGE BACKGROUND
SERVICES CORPORATION,

                Defendants.
----------------------------------------------------X

**APPEARANCES:**

**For Plaintiff:**
Zabell & Associates, P.C.
1 Corporate Drive, Suite 103
Bohemia, New York 11716
By:    Saul D. Zabell, Esq.

**For Defendant CVS Caremark, CVS Health**:
Locke Lord LLP
111 Huntington Avenue
Boston, Massachusetts 02199
By:    Laura M. Raisty, Esq.

**For Defendant First Advantage Background Servs. Corp.**
Seyfarth Shaw LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
       and
620 Eighth Avenue
New York, New York 10018
By:    Frederick T. Smith, Esq.
           Cameron Smith, Esq.

**HURLEY, Senior District Judge:**

      Plaintiff Arlene Millman ("plaintiff" or "Millman") commenced this action against CVS

CareMark, CVS Health ("CVS") and First Advantage Occupational Health Services Corp., incorrectly named herein as First Advantage Background Services Corp., ("First Advantage") alleging they violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, et seq. Presently before the Court are motions to dismiss by both defendants. For the reasons set forth below, First Advantage's motion is granted and CVS' motion is denied.

## BACKGROUND

The following allegations are taken from the Complaint and accepted as true for purposes of this motion.[1]

In or about August 2014, Millman applied for a position as a Pharmacy Technician Trainee/Pharmacy Service Associate with CVS. (Compl. ¶ 15.) She received an email on August 18, 2014 offering her a part-time position as a Pharmacy Tech Trainee to begin on August 29, 2014, "but that date would be finalized once the pre-employment screening was completed" and "the offer was contingent on the successful completion of criminal background and drug screening." (*Id*. at ¶¶ 16-17.) Plaintiff "accepted the offer" and "went to the designated lab, completed the drug screening and submitted it to the drug testing company, Defendant First Advantage." (*Id*. at ¶¶ 18-19.) Prior to the screening Millman "was not interviewed or required to provide a list of prescribed medications." (*Id*. at ¶ 20.)

Plaintiff received a voicemail from a CVS representative on September 5 asking her to call back regarding employment with CVS. Plaintiff spoke with "Medical Review Officer, Dr.

---

[1] *See, e.g., DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 110-11 (2d Cir. 2010).

Salvador"[2] on September 10 who asked Millman "what type of 'illegal street drugs' she took." (*Id*. at ¶¶ 21-22.) She "informed Dr. Salvador that she did not take 'illegal street drugs' and was medically prescribed Diazepam, which is [a] generic form of Valium. Additionally, Plaintiff provided the prescription number, physician's name and pharmacy's name." (*Id*. at ¶ 23.)

"On September 12, 2014, Defendant First Advantage provided Plaintiff notification via First Class Mail that her test was reported as 'non-negative or positive' because she tested positive for Benzodiazepines." (*Id*. at ¶ 24.) In accordance with the notification, "Plaintiff endeavored to contact (1) Defendant CVS's drug testing program contact or human resource representative to discuss the policies and procedures relative to the test results reported by the Medical Review officer; and (2) the Medical Review officer directly to notify him that she was medically prescribed Diazepam." (*Id*. at ¶ 26.) Her efforts to contact the Medical Review Officer were unsuccessful but she spoke to CVS representative, Amy Nguyen, twice on September 19, 2014, and again explained that she was medically prescribed Diazepam. (*Id*. at ¶¶ 27-28.) "Subsequently, based on the 'non-negative or positive test results, CVS revoked its employment offer" of employment. (*Id*. at ¶ 29.) "Defendants regarded Plaintiff as disabled as a result of her drug screening results." (*Id*. at ¶ 30.)

---

[2] The complaint does not identify whether Dr. Salvador was the Medical Review Officer for CVS or First Advantage. It would appear, based on the defendants' memoranda, that he was the Medical Review Officer for First Advantage. (*See* First Advantage Mem. (DE 19-1) at p. 1 ("After First Advantage's Medical Review Officer discussed Plaintiff's test results with her, First Advantage prepared a report . . . .); CVS Mem. (DE 22) at p. 2 ("First Advantage's Medical Review Officer spoke with Plaintiff regarding her test results.").)

# DISCUSSION

## I. Motion to Dismiss Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two precepts. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it 'stops short of the line between

4

possibility and plausibility of 'entitlement to relief.' " *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

In the context of a motion to dismiss an employment discrimination claim such as the one at issue, the Court must also be cognizant of the burden shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Littlejohn v. City of New York*, 795 F.3d 297, 307–08 (2d Cir. 2015). To survive a motion to dismiss, the plaintiff does not need to prove discrimination, or even allege facts establishing every element of the *McDonnell Douglas* prima facie case; rather a plaintiff "need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311; *see Dawson v. N.Y.C. Transit Auth.*, – Fed. Appx. –, 2015 WL 5438790, at *1–2 (2d Cir. Sept.16, 2015); *Vega v. Hempstead Union Free Sch. Dist.*, – F.3d at – , 2015 WL 5127519, at *9-10 (2d Cir. Sept. 2, 2015).

## II.     Elements of Disability Discrimination Claims

Title 1 of the ADA prohibits discrimination in employment-related decisions based on the disability of an otherwise qualified individual. Specifically, § 12112(a) provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

5

To state a prima facie case under the ADA, a plaintiff must plead sufficient facts to plausibly allege that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered from an adverse employment action because of [her] disability or perceived disability." *See Kinneary v. City of New York*, 601 F.3d 151, 156 (2d Cir. 2010) (quoting *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005)). These same elements are applicable to disability claims under the NYSHRL. *Kinneary,* 601 F.3d at 158.

### III. First Advantage as a Covered Entity

#### A. Summary of the Parties' Arguments

In support of dismissal of the claims against it, First Advantage argues that because under the facts alleged it was never plaintiff's actual, potential or joint employer, but merely reported the results of her drug test to CVS, it is not a covered entity under the ADA. (First Advantage Mem. in Supp. at pp. 4-7.) Plaintiff does not dispute that First Advantage was neither her actual or potential employer. Rather, she argues that First Advantage is a joint employer with CVS:

> Defendant First Advantage's drug screening and the events that followed formed the basis of Defendant CVS' decision to rescind its employment offer. Absent Defendant First Advantage's report on Plaintiff's drug screening, Plaintiff would have commenced employment with Defendant CVS. Thus Defendant First Advantage exercised a degree of control over plaintiff's employment sufficient to effectuate revocation of Plaintiff's offer of employment. Therefore, Defendant First Advantage played an integral role in Defendant CVS' refusal to hire Plaintiff for discriminatory reasons, and therefore, qualifies it as a joint employer, satisfying the first element under the ADA.

(Pl.'s Mem. in Opp. (DE 20) at p. 8.)

6

### B. The Complaint Fails to Allege Facts Sufficient to Plausibly Support the Claim that First Advantage is an Employer

Title 1 of the ADA prohibits discrimination by a covered entity, defined as "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. §§ 12111(A)(2); 12112(a). The ADA defines an "employer" as " a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C. § 12111(5)(A). As Title VII of the Civil Rights Act of 1964 defines "employer" similarly to the ADA, courts in the Second Circuit have consistently applied the Title VII definition of employer to the ADA. *See Ivanov v. New York City Transit Authority*, 2014 WL 2600230, * 5 (S.D.N.Y. June 5, 2014) (citing cases). The Supreme Court applies the common law of agency to determine the existence of an employment relationship, and in the context of construing the term "employee" under the ADA, the Supreme Court has stated that "the common-law element of control is the principal guidepost that should be followed" in determining whether there is an employer-employee relationship. *Clackamas Gastroenterology Assoc., P.C. v. Wells*, 538 U.S. 440, 448 (2003). *See generally Hilton Int'l Co. v. NLRB*, 690 F.2d 318, 320 (2d Cir. 1982) ("Under the common law test, an employer-employee relationship exists if purported employer controls or has the right to control both the result to be accomplished and the 'manner and means' by which the purported employee brings about that result.").

Notwithstanding her bald assertions to the contrary, the mere fact that First Advantage issued a report on plaintiff's drug screen does not demonstrate that it exercised any control over the decision to hire plaintiff or the revocation of the job offer. Plaintiff has failed to plead any facts that would plausibly lead to the conclusion that First Advantage exercised any control over

the employment relationship. While CVS may have relied on the results of the screening in revoking the offer of employment, there is nothing to indicate that First Advantage exercised any control over that decision. *See Satterfield v. Tennessee*, 295 F.3d 611 (6th Cir. 2002) (holding that physician and clinic that employed physician, who were hired by the state agency employer to review medical records and conduct physical examinations of employees, were not covered entities for purposes of ADA in action arising out of discharge of state agency employee after physician determined that employee was not medically qualified to do his job even though agency had policy of relying on results of physical exams.)[3]

Nor does the doctrine of joint employer assist Millman. As plaintiff acknowledges, the joint employer doctrine comes into play when an "'an employee formally employed by one entity . . .has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity'" and requires that "'the two enterprises exhibit centralized control of labor relations, including tasks such as handling job applications, approving personnel status reports, and exercising veto power over major employment decisions." (Pl.'s Mem. in Opp. at p. 7 (quoting *Arculeo v. On-Site Sales & Mktg, LLC*, 425 F.3d 193, 198 (2d Cir. 2005) and *Velez v. Novartis Pharm. Corp.*, 244 F.R.D. 243, 250 (S.D.N.Y. 2007).) No facts that would plausibly suggest CVS and First Advantage are joint employer have been alleged in the complaint. Moreover, plaintiff does not suggest any facts which would support granting leave to amend.

First Advantage's motion to dismiss is granted.

---

[3] To the extent plaintiff seeks to hold First Advantage liable on the theory that it interfered with her access to employment opportunities, the Second Circuit has rejected such a proposition. *Gulino v. New York State Educ. Dept.*, 460 F.3d 361, 375-77 (2d Cir. 2006).

**IV.     Sufficiency of "Regarded as Disabled" Claim**

CVS moves to dismiss the complaint on the sole ground that Millman has failed to adequately allege that CVS perceived her as disabled. (CVS Mem. in Supp. at p.1.)

Under the ADA, the term "disability" is defined as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). "An individual meets the requirements of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." *Id*. § 12101(3).[4] This standard does not require plaintiff "to show that the employer had a reasonable basis for perceiving [her] as suffering from a disability; [the statute] merely requires [her] to show that the employer did so perceive [her]." *Darcy v. City of New York*, 2011 WL 841375, * 4 (E.D.N.Y. Mar. 8, 2011).

In support of its motion CVS relies upon *Kelly v. North Shore-Long Island Health Sys*., 2014 WL 2863020 (E.D.N.Y. June 22, 2014). Therein, the plaintiff asserted she was the subject of disability discrimination based on a perceived disability of alcoholism. As support for her claim, the *Kelly* plaintiff alleged that she had informed her supervisor of a previously failed drug test and that she was receiving treatment for some unspecified substance abuse issues. In concluding that the plaintiff failed to allege any facts that plausibly suggested that the defendant

---

[4] Prior to the ADA Amendments Act of 2008, Pub. L. No. 110-325, 112 Stat. 3553 (2008) a plaintiff who alleged she was regarded as having a disability was required to show that the perceived disability was one that "substantially limited a major life activity."

9

perceived her to be a recovering alcoholic, the court stated:

> In her opposition brief, Plaintiff claims the Complaint "specifically alleges" that Sabatino "was made aware of her problem with alcohol" at a July 1, 2011 meeting and that Sabatino placed Plaintiff on administrative leave "only hours later." (Pl.'s Opp. Br. at 5.) However, the Complaint is entirely devoid of any such allegation. Rather, the Complaint alleges that Plaintiff informed her supervisor that she had failed a drug test at NHCC and that she was receiving treatment for some unspecified "substance abuse issues." (Compl.¶¶ 27, 37.) And although the Complaint alleges that Plaintiff began attending Alcoholics Anonymous meetings and that "LIJ was notified that [Plaintiff] was admitted into the PAP program," the Complaint stops short of alleging facts from which it can be inferred that anyone at LIJ regarded Plaintiff as a recovering alcoholic.

2014 WL 2863020, at *7.

According to CVS, Millman's complaint, like that in *Kelly*, fails to contain sufficient allegations to state a claim for perceived disability. It argues:

> To support her claims, Plaintiff merely alleges that she was prescribed Diazepam and that CVS "regarded her as disabled as a result of her drug screening results." (Compl. ¶¶ 24, 30.) The fact that Plaintiff had a prescription for Diazepam and a resulting positive drug screen does not, without more, establish that CVS perceived her as having a physical or mental impairment. Plaintiff never alleges that CVS perceived her as having any physical or mental impairment. In fact, Plaintiff never asserts the underlying medical reason why she was prescribed Diazepam, and there are no allegations indicating that she ever disclosed any medical condition to CVS or First Advantage. In the absence of any allegations that CVS perceived her as having a physical or mental impairment, Plaintiff's claims for disability discrimination must be dismissed for failure to state a claim.

(CVS Mem. in Supp. at pp. 6-7.)

CVS' argument is unavailing. First, the plaintiff in *Kelly* specified that she was regarded as a recovering alcoholic but her allegations related to a failed *drug* test wherein she tested

10

positive for morphine sulfate and a substance abuse issue not tethered to alcoholism.  Second, CVS' argument fails to acknowledge the Second Circuit's pronouncement, subsequent to *Kelly*, that to survive a motion to dismiss a plaintiff "need only give plausible support to a *minimal* inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311 (emphasis added).

Here, plaintiff has sufficiently - although just barely - alleged facts to plausibly support her "regarded as" disabled claim. CVS withdrew it offers of a position as a Pharmacy Tech Trainee "based on" her drug test finding of "positive" for Benzodiazepines, which plaintiff advised CVS was the result of her medically prescribed diazepam. It is true, as CVS argues, that the complaint contains no allegations regarding the treatment application of diazepam or why plaintiff was taking it. (CVS Reply Mem. at 2.) It is also true, however, that is more than plausible that an entity with a "Pharmacy Tech Trainee" position would have knowledge that Benzodiazepine refers to a "parent compound for the synthesis of a number of psychoactive compounds (e.g. diazepam) . . . ," and "a class of compounds with anti-anxiety, hypnotic, anticonvulsant, and skeletal muscle relaxant properties." Stedman's Medical Dictionary (27th Ed.). CVS' motion to dismiss is denied.

## CONCLUSION

For the reasons set forth above, First Advantage's motion to dismiss is granted and CVS' motion to dismiss is denied.

Dated:  Central Islip, New York
      November 5, 2015         /s/   Denis R. Hurley
                                        Denis R. Hurley
                                        District Court Judge